UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARETTE MCWEENEY,               )
                                )
        Plaintiff,              )
                                )
    vs.                         )      Case No. 4:07CV1432 CDP
                                )
MISSOURI HISTORICAL             )
SOCIETY, d/b/a MISSOURI         )
HISTORY MUSEUM                  )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

Plaintiff Marette McWeeney filed this action in the Missouri Circuit Court

for the City of St. Louis. She seeks damages for an injury she suffered while at the

Missouri History Museum, and alleges state-law claims of negligence and

negligence *per se*. Defendant Missouri Historical Society (MHS) removed this

action to federal court because McWeeney's negligence *per se* claim alleges that

defendant failed to comply with safety standards promulgated under the

Americans with Disabilities Act. I questioned whether federal subject-matter

jurisdiction existed and directed the parties to brief the issue. I now conclude that

this court lacks federal subject-matter jurisdiction over McWeeney's claims, so I

will remand the case.

<u>Discussion</u>

Defendant bears the burden of establishing that removal is proper and that all of the prerequisites to removal have been satisfied. <u>Hartridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969). For a case to be removed under federal question jurisdiction, the plaintiff must have been able to bring the case under 28 U.S.C. § 1331. Under the well pleaded complaint rule, I must consider whether the plaintiff states a federal claim on the face of the complaint. <u>Gully v. First Nat. Bank of Meridian</u>, 299 U.S. 109, 113 (1936).

McWeeney's complaint would raise a federal question if it asserted a cause of action that (1) is created by federal law, or (2) necessarily turns on the resolution of a substantial question of federal law. <u>McNeill v. Franke</u>, 171 F.3d 561, 563-64 (8th Cir. 1999). In this case, McWeeney's complaint does not state a cause of action under federal law, but instead asserts a negligence per se claim under Missouri common law that refers to the ADA. MHS argues that I have jurisdiction over the negligence per se claim because of the reference to the ADA.

Several courts have examined the question of whether a state law cause of action gives rise to federal-question jurisdiction where the ADA created the duty that served as the basis for a plaintiff's state law claims. <u>See</u> <u>Martinez v. Del Taco, Inc.</u>, 2007 WL 3088280 (9th Cir. Oct. 23, 2007); <u>see also</u> <u>Wander v. Kaus</u>,

304 F.3d 856 (9th Cir. 2002); Jairath v. Dyer, 154 F.3d 1280 (11th Cir. 1998);

Coil v. Recovery Man. Corp., 2005 WL 1182366 (W.D. Mo. May 16, 2005);

Grodi v. Mandalay Resort Group, Inc., 2003 WL 22244048 (N.D. Miss. Aug. 4,

2003).  Of the cases I have examined, only Grodi has found federal jurisdiction

based on similar claims.

The only circuit courts to have examined this issue both concluded that  no

federal-question jurisdiction exists in this situation.  Both the Eleventh Circuit in

Jairath and the Ninth Circuit in Wander reversed district court decisions upholding

jurisdiction based on substantially similar claims.  In both of those cases, the

courts relied on the Supreme Court's decision in Merrell Dow Pharaceuticals Inc.

v. Thompson, 478 U.S. 804 (1986).  In Merrell Dow, the Court noted that

determinations of federal jurisdiction "require sensitive judgments about

congressional intent, judicial power, and the federal system."  Id. at 810.  The

Court further stated that the fact that a federal issue was an element of a state law

claim did not "automatically confer federal-question jurisdiction."  Id. at 813.

In Merrell Dow, plaintiff's negligence claim relied on a drug manufacturer's

violation of the Federal Food, Drug, and Cosmetic Act.  The Supreme Court held

that the case did not present a federal question because "Congress did not intend a

private federal remedy for violations of the statute that it enacted."  Id. at 811.

- 3 -

The fact that Congress had not created such a cause of action was deemed important in this type of case. The Court noted that allowing federal question-jurisdiction based on the fact that the violation of a federal statute created a presumption of negligence under state law "would flout, or at least undermine, congressional intent." Id. at 812.

In examining the same question as that presented in this case, the Ninth Circuit and the Eleventh Circuit found it important that the plaintiffs sought damages for the defendant's negligence based on ADA violations, but the ADA provides only injunctive relief, not damages, for this type of violation. See Wander, 304 F.3d at 858; Jairath, 154 F.3d at 1283. Like the plaintiffs in those cases, McWeeney seeks damages and does not seek injunctive relief. State law provides her remedy: Congress chose not to provide the damages remedy that McWeeney seeks, and this is "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confirm federal-question jurisdiction." Id. at 814. Federal subject-matter jurisdiction does not exist, and so I will remand the case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this

case to the Circuit Court of the City of St. Louis, Missouri, from which it was

removed.



_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2007.